# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ELOI KOUEKASSAZO,

      Plaintiff,

    v.

INTELLISOURCE, ZULILY, INC., REMINGER CO.,

      Defendants.

Case No. 2:18-CV-00061-GCS
JUDGE GEORGE C. SMITH
Magistrate Judge Jolson

## REPORT AND RECOMMEDNATION

Plaintiff, Eloi Kouekassazo, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendants Intellisource, Zulily, Inc., and Reminger Co. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

### I. BACKGROUND

Plaintiff brought a previous lawsuit in this Court that is relevant to the current litigation. Proceeding pro se and *in forma pauperis*, Plaintiff filed an employment discrimination action against Defendants IntelliSource and zulily, inc. n/k/a zulily, llc. Lawyers from Reminger Co. LPA represented the defendants in that action. (*See generally* Case No. 2-15-cv-2437). This Court granted Defendants' Summary Judgment Motion and terminated the case. (2-15-cv-2437,

Doc. 65). Plaintiff appealed, and the Sixth Circuit affirmed this Court's judgment. (2-15-cv-2437, Doc. 71).

Now, in this proceeding, Plaintiff has again sued his former employers (Intellisource and Zulily, Inc.) and also the law firm that represented them in the previous lawsuit (Reminger Co., LPA). The thrust of Plaintiff's Complaint seems to be that Defendants committed mail fraud by mailing pleadings from Case No. 2-15-cv-2437 to him directly. (*See, e.g.*, Doc. 1-1 at 3 ("The mail that I received in September 2016, containing the decision about the case was supposed to from the district Court, but it was from Reminger Co instead.")). Plaintiff also claims Defendants have intentionally caused him emotional distress. (*Id.* at 4).

## II.     LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se*

complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

In Counts I and II of his Complaint, Plaintiff alleges mail fraud, in violation of 18 U.S.C. § 1341, and conspiracy to commit mail fraud. The mail fraud statute, however, is criminal. And, importantly, there is no private cause of action under 18 U.S.C. § 1341. *Bell v. Health-Mor Inc.*, 549 F.2d 342, 346 (5th Cir.1977) ("There is no private cause of action under 18 U.S.C. § 1341, a criminal statute prohibiting mail fraud."). Accordingly, Plaintiff's mail fraud claim fails.

Further, to the extent Plaintiff alleges general fraud, such a claim arises under state law. *See 500 Assocs. v. Vt. Am. Corp.*, 496 F. App'x 589, 591 (6th Cir. 2012) ("Fraud is a state-law claim[.]"). The same is true for intentional infliction of emotional distress, the third count in Plaintiff's Complaint. *See, e.g.*, *Blackshear v. Interstate Brands Corp.*, 495 F. App'x 613, 619–20 (6th Cir. 2012) (noting the state-law claim of intentional infliction of emotional distress and applying Ohio law). When all federal claims are dismissed before trial, state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). Because Plaintiff's federal claim must be dismissed, the Undersigned recommends not exercising supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Mathis v. Doctor's Hosp. (West)*, No. 2:12-cv-358, 2012 U.S. Dist. LEXIS 80190 *9–10 (S.D. Ohio June 11, 2012) (adopting recommendation not to exercise supplemental jurisdiction where federal claims failed).

In sum, Counts I and II fail because Plaintiff has no private cause of action under the mail fraud statute, 18 U.S.C. § 1341. The remaining claims (fraud and intentional infliction of emotional distress) arise under state law. As such, Plaintiff has failed to state a claim upon

which relief can be granted. Consequently, the undersigned recommends dismissal. 28 U.S.C. § 1915(e)(2).

## **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 2, 2018

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE